# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

LISA ANN GARCIA                                                          PLAINTIFF

V.                              CASE NO. 5:18-CV-05112

MCKEE FOODS CORPORATION                                                  DEFENDANT

## OPINION AND ORDER

Now before the Court are Plaintiff Lisa Ann Garcia's Motion to Expand Time for Service (Doc. 11) and Defendant McKee Foods Corporation's ("McKee") Motion to Dismiss (Doc. 14) pursuant to Federal Rule of Civil Procedure 12(b)(5). Both Motions have been responded to and are now ripe for resolution. They concern the same issue: Garcia's admitted failure to serve McKee within the time frame required by Rule 4(m). The Complaint, which was filed in this Court on June 15, 2018, alleges that McKee, Garcia's former employer, violated her rights under the Family Medical Leave Act ("FMLA").

The Complaint and Summons should have been served on McKee no later than September 13, 2018, which was 90 days after the Complaint was filed. Instead of serving McKee by this deadline, she allowed the deadline to pass without seeking an extension of time from the Court, and she finally served McKee on October 1, 2018, eighteen days late. The Court was unaware that Garcia had served McKee on October 1, so on October 4, the Clerk's Office issued an Order (Doc. 9), requesting that Garcia show cause by October 15, 2018 as to why her Complaint should not be dismissed for lack of service. On October 12, Garcia simultaneously filed a Response to the Order to Show Cause (Doc. 10) and a Motion to Expand Time for Service (Doc. 11). On October 22, McKee

1

filed a Response in Opposition to Garcia's Motion to Expand Time for Service (Doc. 15) as well as a Motion to Dismiss (Doc. 14) under Rule 12(b)(5), due to lack of timely service.

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, the Rule also provides that "if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period." *Id.* (emphasis added). Such an extension of time should be granted if the court concludes there was either good cause or excusable neglect in a plaintiff's failure to timely serve. See *Kurka v. Iowa Cnty., Iowa*, 628 F.3d 953, 957 (8th Cir. 2010). In determining whether excusable neglect has been established, the Eighth Circuit examines the following four factors: "(1) the possibility of prejudice to the defendant, (2) the length of the delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." *Id.* at 959.

Garcia admits that she missed the deadline for service by eighteen days, but she argues that her failure to serve McKee within the deadline was due to excusable neglect. It appears Garcia lives in Oklahoma, and her family's attorney, Gene Thompson, practices in Oklahoma. Garcia maintains in her Motion that when she consulted with Thompson about the FMLA claims she wished to file against McKee, Thompson determined that the case should be filed in Arkansas, rather than Oklahoma, because Garcia worked for McKee in Gentry, Arkansas. He contacted Lynn R. Anderson, an attorney who maintains an office in Oklahoma but is licensed in both Oklahoma and

Arkansas, to serve as lead trial attorney in the case. Anderson filed the instant Complaint in this Court. Shortly thereafter, the case became lost in a morass of confusion and disorganization, as Garcia's file remained in limbo between Thompson's office and Anderson's.

Four days after filing the Complaint, Anderson moved for Thompson's *pro hac vice* admission in this Court, see Doc. 4, but that motion was denied. Anderson then claims he looked for local counsel in Arkansas to take on the case, but his search was unsuccessful. In the meantime, Anderson thought Thompson was serving the Complaint, but Thompson did not do so. At some point, someone realized that service had not been completed, and Thompson finally served McKee past the deadline. In Garcia's Reply to McKee's Response to the Motion to Expand Time (Doc. 19), Anderson makes the argument that he and Thompson acted in good faith, but due to their failure to communicate and diligently manage their staff, the Complaint was not served in time. Anderson describes the above events, collectively, as an example of excusable neglect rather than willful behavior.

Although the Court is well persuaded that Garcia's counsel failed to properly calendar deadlines and manage this case from the outset, the Court nevertheless believes that a finding of excusable neglect and a retroactive extension of the service deadline are warranted here and will best serve the parties, further the ends of justice, and preserve judicial resources. This finding is grounded in the fact that McKee has failed to demonstrate any prejudice resulting from the brief delay. McKee's argument in its briefing appears to be that any delay in litigation, in general, is not a good thing and therefore is bound to result in some amount of prejudice. McKee points out that the

incidents described in the Complaint "occurred over two years ago . . . . [and] [w]ith each passing day the memories of witnesses fade, witnesses relocate, and, in general, evidence becomes more difficult to find and obtain." (Doc. 17, p. 6). And while all that may be true, an eighteen-day delay in service will not exacerbate these issues to any measurable degree and will neither negatively impact judicial proceedings nor prejudice McKee. Further, although the delay appears to have been within Garcia's counsel's reasonable control, the Court finds that counsel did not act in bad faith. Instead, counsel managed the initial prosecution of the case in a manner that was neglectful, but excusable, and is admonished to strictly adhere to all deadlines going forward.

**IT IS THEREFORE ORDERED** that Plaintiff Lisa Ann Garcia's Motion to Expand Time for Service (Doc. 11) is **GRANTED**, and Defendant McKee Foods Corporation's Motion to Dismiss (Doc. 14) pursuant to Federal Rule of Civil Procedure 12(b)(5) is **DENIED**.

**IT IS SO ORDERED** on this 28th day of November, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE